IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT P. CASEY, | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL ACTION |
| | : | |
| UNITED STATES DEPARTMENT | : | NO. 07-3324 |
| OF TREASURY, ET AL., | : | |
| Defendants | : | |
| | : | |
| | : | |

**MEMORANDUM AND ORDER**

Defendants seek dismissal of plaintiff's complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6) because plaintiff failed to exhaust his administrative remedies, and is not

entitled to back pay.  For the following reasons, defendants' motion is denied.

## I.  BACKGROUND

On October 27, 2006, Plaintiff Robert Casey filed a formal Equal Employment

Opportunity ("EEO") complaint, which was decided by the Treasury Department's Office of

Equal Opportunity and Diversity ("OEOD") on July 9, 2007.  The OEOD found the defendants

failed to meet its obligations under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and failed to

provide a reasonable accommodation.  The OEOD ordered the defendants to pay plaintiff

compensatory damages and attorney fees upon his application, to rescind his termination, place

him on leave without pay, offer him a vacant employment position, if one exists, and consider his

request for a reasonable accommodation.  The OEOD did not order payment of back pay.

On July 16, 2007, plaintiff requested the OEOD reconsider its decision on back pay.  See

Letter from David Berman, Counsel for Plaintiff, to Mariam Harvey, Director, OEOD (July 16,

2007).  The OEOD responded it would not reconsider its decision on back pay because "no

evidence [] show[ed] he was able to work in any capacity when he was terminated."  Letter from

Mariam Harvey, Director, OEOD, to David Berman, Counsel for Plaintiff (July 18, 2007)

[hereinafter Letter, July 18].

Plaintiff filed this complaint on August 9, 2007 against the following defendants: United

States Department of Treasury, Henry M. Paulson Jr., in his official capacity as the Secretary of

the Treasury, Jeffrey V. Austin, in his official capacity as plaintiff's first level manager, Duane

A. Briggs, in his official capacity as the Territory Manager of the territory in which plaintiff was

employed, and Jeffrey J. Basalla, in his official capacity as plaintiff's third-level manager.

Plaintiff alleges the defendant: (1) failed to provide reasonable accommodation; (2) violated the

Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*; and (3) denied Family Medical Leave Act, 29

U.S.C. § 2601 *et seq.*,[1] ("FMLA") leave and interfered with plaintiff's FMLA rights.

## II.  LEGAL STANDARD

In evaluating a Rule 12(b)(6) motion, all allegations in the complaint and all reasonable

inferences that can be drawn therefrom must be accepted as true and viewed in the light most

favorable to the nonmoving party.  DeBenedictis v. Merrill Lynch & Co., Inc., 492 F.3d 209, 215

(3d Cir. 2007) (citations omitted).  The court may dismiss a complaint "only if it is certain that

no relief could be granted under any set of facts that could be proved consistent with the

allegations."  Brown v. Card Service Center, 464 F.3d 450, 456 (3d Cir. 2006) (citing Hishon v.

King & Spalding, 467 U.S. 69, 73 (1984)).  A court need not, however, credit a plaintiff's "bald

---

[1] Plaintiff's complaint cites 29 U.S.C. § 701 *et seq.* for his FMLA claim, and not § 2601
*et seq.*

assertions" or "legal conclusions."  DeBenedictis, 492 F.3d at 215.  "The issue is not whether

[the claimant] will ultimately prevail but whether the claimant is entitled to offer evidence to

support the claims."  Register v. PNC Fin. Serv. Group, Inc., 477 F.3d 56, 61 (3d Cir. 2007)

(citations omitted).

### III.  DISCUSSION

  A.  Exhaustion of Administrative Remedies

A federal employee bringing a civil action in federal court under the Rehabilitation Act of

1973 "must exhaust the administrative process prior to bringing suit."  Freed v. Consolidated

Rail Corp., 201 F.3d 188, 191 (3d Cir. 2000).  The FMLA, which is the basis for one of

plaintiff's claims, does not require pursuit of administrative remedies before a plaintiff may file a

compliant in federal court.  Churchill v. Star Enterprises, 183 F.3d 184, 190 (3d Cir. 1999).

Defendants argue plaintiff failed to exhaust his remedies under 29 C.F.R. § 1614.504(a),

which states: if a "complainant believes that the agency has *failed to comply with the terms of the*

*settlement agreement or decision*," then he must inform the agency's EEO Director of the

noncompliance within 30 days "of when the complainant knew or should have known of the

alleged noncompliance."  § 1614.504(a) (emphasis added).  If the plaintiff fails to comply with

this procedure, the federal court will be deprived of subject matter jurisdiction "over any claims

involving a settlement agreement with a federal agency."  Herron v. Veneman, 305 F. Supp. 2d

64, 71 (D.D.C. 2004).

It appears defendants believe plaintiff's FMLA claim falls within § 1614.504(a) because

defendants requested the dismissal of the entire complaint due to plaintiff's failure to exhaust his

claims.  Plaintiff was not required to exhaust administrative remedies for his FMLA claim and

the defendants provide no other reason to dismiss the FMLA claim.  Accordingly, I will treat

defendants' motion as addressing only the Rehabilitation Act and accommodation claims.

Section 1614.504(a) is inapplicable here because its administrative requirements are

limited to situations where plaintiffs allege noncompliance with a settlement agreement or a final

agency action.  Here, plaintiff is bringing his claims anew to federal court and seeking damages,

and therefore, § 1614.302(d) controls.

Defendants informed plaintiff on March 2, 2007 that his case was a "mixed case

complaint," as defined in § 1614.302(a), because it was also appealable to the Merit Systems

Protection Board ("MSPB").  See Letter from Tracey Banks, Branch Manager, Agency Wide

Shared Services, EEO and Diversity Field Services, to David Berman, Counsel to Plaintiff

(March 2, 2007).  Because this is a mixed case complaint, § 1614.302(d) governs the procedure

for agency processing.  Section 1614.302(d)(3) states that when the agency issues its final

decision, it "shall advise the complainant of the right to appeal the matter to the MSPB (not

EEOC) within 30 days of receipt and of the right to file a civil action as provided at §

1614.310(a)."  29 C.F.R. § 1614.302(d)(3).  Section 1614.310(a) states that a complainant may

file a civil action in "an appropriate United States District Court" within 30 days "of receipt of a

final decision issued by an agency on a complaint unless an appeal is filed with the MSPB."  29

C.F.R. § 1614.310(a).  Thus, a plaintiff in a mixed case complaint can either appeal the final

agency action to the MSPB or file suit in federal court.  Wells v. Shalala, 228 F.3d 1137, 1143

(10th Cir. 2000); Quinn v. West, 140 F. Supp. 2d 725, 734 (W.D. Tex. 2001).

The Treasury Department issued its final agency decision on July 9, 2007.  Plaintiff's

request for reconsideration was denied, rendering the decision final.  See Letter, July 18.  At that

point, plaintiff had the option of appealing the decision to the MSPB or filing suit in federal

court.  § 1614.310(a).  He had no legal obligation to notify the EEO Director of noncompliance.

  B.  <u>Back Pay</u>

  Defendants also claim plaintiff's back pay claim should be dismissed because back pay is

not appropriate "during periods of total disability" and plaintiff allegedly conceded, during the

administrative process, that "he was unable to work during the relevant period due to his physical

and mental disability."  Memorandum of Law in Support of Government's Motion to Dismiss at

7, <u>Casey v. U.S. Dept. of Treasury</u>, No. 07-CV-3324 (E.D. Pa. Oct. 29, 2007) (citing <u>NLRB v.

Louton, Inc.</u>, 822 F.2d 412, 415 (3d Cir. 1987) ("an employer is not generally liable for backpay

for periods when an employee is unavailable for work due to a disability")).  The OEOD stated it

did not order payment of back pay because plaintiff offered no evidence he was able to work in

any capacity when he was terminated.  <u>See</u> Letter, July 18.

  When a federal employee brings suit in federal court to challenge the administrative

disposition of his discrimination claims, "the court must consider th[e]se claims de novo, and is

not bound by the results of the administrative process."  <u>Morris v. Rumsfeld</u>, 420 F.3d 287, 294

(3d Cir. 2005); <u>Fullman v. Henderson</u>, 146 F. Supp. 2d 688, 701 (E.D. Pa. 2001) (Robreno, J.)

("because federal employees are entitled to seek de novo review of their claims in district court, .

. . a EEOC or [government employer's ]determination of an employment discrimination claim is

neither an adjudication nor a binding determination") (quoting <u>Adams v. EEOC</u>, 932 F. Supp.

660, 665 (E.D. Pa. 1996) (Kelly, J.)).  Plaintiff's complaint alleges he was able to return to work

at various times, and at the pleading stage, I must accept that claim as true.  <u>DeBenedictis</u>, 492

F.3d at 215.  Plaintiff is entitled to the opportunity to present such evidence, and therefore,

plaintiff's back pay claim cannot be dismissed pursuant to Rule 12(b)(6) for failure to state a

claim.

An appropriate order follows.